IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY STOLZ and § | | |
| ROBIN TOOLE § | | PLAINTIFFS |
| § | | |
| V. § | | Civil No. 1:12CV101-HSO-RHW |
| § | | |
| STATE FARM FIRE AND § | | |
| CASUALTY COMPANY § | | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
SECOND MOTION FOR SUMMARY JUDGMENT, AND DISMISSING
PLAINTIFFS' CLAIMS WITH PREJUDICE**

BEFORE THE COURT is the Second Motion for Summary Judgment [11] filed by Defendant State Farm Fire and Casualty Company ("State Farm"). Plaintiffs Terry Stolz and Robin Toole have filed a Response [15], and State Farm a Rebuttal [16]. After due consideration of the record, the submissions on file, and relevant legal authorities, the Court finds that State Farm's Second Motion for Summary Judgment [11] should be granted and that Plaintiffs' Complaint should be dismissed.

I. FACTS AND PROCEDURAL HISTORY

This insurance dispute stems from damages sustained by Plaintiffs' property located in Bay St. Louis, Mississippi, during Hurricane Katrina on August 29, 2005. The property was insured under a State Farm homeowners policy [the "Policy"] at the relevant time. *See* Policy [11-3], attached as Ex. "C" to State Farm's Mot. [11]. State Farm performed an inspection of Plaintiffs' property to assess the damage and ascertained that both wind and water had contributed to the loss. Because the

Plaintiffs' policy excluded damage resulting from flood, State Farm asserts that it denied the claim as it related to flood damage on November 8, 2005. As the amount payable under Plaintiffs' homeowners policy was limited to wind damage, State Farm calculated an estimate based strictly on damage resulting from wind, which it concluded amounted to $993.69 in total.

Approximately a year and a half after State Farm paid Plaintiffs $993.69, Plaintiffs requested mediation of their claim as to the remaining losses. The parties engaged in mediation but were unable to achieve a resolution. An impasse was declared on August 22, 2007. Notice [11-2], at p. 5, attached as Ex. "B" to State Farm's Sec. Mot. for Summ. J. [11]. On July 6, 2010, Plaintiff demanded an appraisal of the loss. July 6, 2010, Letter to State Farm with Appraisal Demand [11-3], attached as Ex. "E" to State Farm's Sec. Mot. for Summ. J. [11]. State Farm declined the request for appraisal on grounds that the statute of limitations had already expired on Plaintiffs' claim. On January 27, 2012, about a year and a half after State Farm declined their appraisal request, Plaintiffs filed suit in the Circuit Court of Hancock County, Mississippi. Compl. [4]. Plaintiffs named State Farm as the sole Defendant. *See id.* Their Complaint advanced claims for breach of contract, specific performance, bad faith, and breach of the duty of good faith and fair dealing. *Id.* at ¶¶ 6–20.

State Farm removed the case to this Court on April 4, 2012, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal [1], at pp. 1-2. State Farm filed a Motion for Summary Judgment [6] on July 16, 2012, seeking

dismissal on grounds that Plaintiffs' claims are barred by the applicable statute of limitations.  Mot. for Summ. J. [6], at pp. 1–2.  The Court denied State Farm's Motion [6] without prejudice to its right to reurge the Motion to address issues raised by Plaintiffs in their Response.  Order [10], at p. 8.  State Farm has now filed a Second Motion for Summary Judgment [11] seeking dismissal of Plaintiffs' claims.

## II. DISCUSSION

A.  Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010).  However, if the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

As is the case here,

> [w]hen a party seeks summary judgment pursuant to an affirmative defense, such as a statute of limitation, the movant must establish all of the elements of the defense. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the movant does so, the burden shifts to the nonmovant to provide specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(c), (e).

*Citigroup Inc. v. Federal Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011).

The Court has jurisdiction over this matter pursuant to diversity of citizenship under 28 U.S.C. § 1332. "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Mississippi substantive law therefore governs this dispute.

B.   State Farm's Statute of Limitations Defense

State Farm contends that Plaintiffs' claims are time-barred under Mississippi law because the applicable three year statute of limitations began to run at the time it denied Plaintiffs' claim on November 8, 2005, and expired on November 9, 2008. Def.'s Mem. in Supp. of Mot. for Summ. J. [12], at p. 5. Plaintiffs did not file their Complaint until January 27, 2012. Compl. [4]. State Farm posits that the appraisal demand Plaintiffs made on July 6, 2010, fell outside the statute of limitations, and even if within it, the demand did not operate to toll the statute of limitations. Def.'s Mem. in Supp. of Mot. for Summ. J. [12], at pp. 5–9; *see also* July 6, 2010, Letter to State Farm with Appraisal Demand [11-3].

According to Plaintiffs, after they participated in the Mississippi Department of Insurance's Hurricane Mediation Program in 2007, a Notice a Impasse was issued on August 22, 2007.  Pls.' Resp. [15], at p. 2.  Plaintiffs argue that based upon the mediation process and their July 6, 2010, request for appraisal under the Policy, "State Farm should be estopped from refusing to participate in the appraisal process" and "should be required by this Court to comply with the terms of the policy and resolve the dispute equitably and fairly by submitting to and participating in the appraisal process in good faith."  *Id.* at pp. 2–3.  Plaintiffs also state that, "their request of appraisal in July, 2010, was within a 'reasonable time' under the circumstances because the previous mediation was unsuccessful."  *Id.* at p. 2.

    1.    <u>Plaintiffs' Tolling Argument</u>

Mississippi Code § 15-1-49(1) provides that: "all actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."  Miss. Code § 15-1-49(1). Mississippi courts apply this statute in disputes involving interpretation of insurance policies and have held that the three year limitations period begins to run when the insured receives written notice from the insurer that his claim was denied.  *Bank of Commerce v. SouthGroup Ins. and Fin. Servs., LLC*, 73 So. 3d 1106, 1109 (Miss. 2011) (citing *Oaks v. Sellers*, 953 So. 2d 1077, 1084 (Miss. 2007)).

The record in this case reflects that State Farm sent Plaintiffs a letter on November 8, 2005, stating that damage to their home was caused by wind and flood

water. Nov. 8, 2005, Letter [11-2], at p. 3, attached as Ex. "B" to State Farm's Second Mot. for Summ. J. [11]. State Farm estimated the damage caused by wind and forwarded the denial letter along with a draft for $993.69 to Plaintiffs on November 8, 2005. Aff. of Todd Binion [11-8], at p. 1, attached as Ex. "H" to State Farm's Second Mot. for Summ. J. [11]. State Farm's letter to Plaintiffs stated that the flood damage was not covered by the Policy. Nov. 8, 2005, Letter [11-2], at p. 3, attached as Ex. "B" to State Farm's Second Mot. for Summ. J. [11]. This letter clearly communicated State Farm's denial of coverage beyond the amount it was tendering. *See id.* Based upon the November 8, 2005, denial letter, the statute of limitations would have expired November 9, 2008. Miss. Code § 15-1-49(1).

Plaintiffs' first argument in their Response seems to be that the statute of limitations was somehow tolled by their participation in 2007 in the Mississippi Department of Insurance's Hurricane Mediation Program, and again by their demand on July 6, 2010, for appraisal of damages under the Policy. Pls.' Resp. [15], at pp. 2–3; *see* July 6, 2010, Letter to State Farm with Appraisal Demand [11-5], attached as Ex. "E" to Def.'s Mot. [11]. Plaintiffs' counsel requested mediation in a letter to the Mediation Administrator dated June 5, 2007. June 5, 2007, Letter from Plaintiffs' Counsel [11-2], at p. 5, attached as Ex. "B" to State Farm's Second Mot. for Summ. J. [11]. The mediator declared an impasse in that mediation some 78 days later, on August 22, 2007. Notice [11-2], at p. 5. Even if State Farm's participation in the mediation tolled the three-year limitations period for 78 days, the statute of limitations would have nevertheless expired on January 26, 2009,

well before Plaintiffs made their appraisal demand on July 6, 2010, or filed their Complaint on January 27, 2012.

Even assuming that the statute of limitations was somehow restarted by the mediation, it would have expired no later than August 22, 2010. Plaintiffs' appraisal demand was not made until some 48 days prior to this date. State Farm's counsel replied to Plaintiffs' appraisal demand with a letter dated August 19, 2010, advising that "State Farm has respectfully declined your request and appraisal on this claim. The statute of limitations has expired." Aug. 19, 2010, Letter to Pls.' Counsel [11-6], attached as Ex. "F" to Def.'s Mot. [11]. There is no dispute that the parties did not engage in the appraisal process after this response. Over seventeen months after State Farm's counsel sent this response letter, Plaintiffs filed their Complaint.

Plaintiffs do not cite any authority for the proposition that either the mediation or the appraisal demand operated to toll or completely restart the statute of limitations. Even if the mediation completely revived the statute of limitations such that it would not have expired until August 22, 2010, Plaintiffs' Complaint would still be untimely if the appraisal demand simply tolled the statute of limitations. Plaintiffs' appraisal demand was not made until some 48 days prior to August 22, 2010, and State Farm took 44 days to respond to the demand. *See* Aug. 19, 2010, Letter to Pls.' Counsel [11-6], attached as Ex. "F" to Def.'s Mot. [11]. However, Plaintiffs did not file their Complaint initiating this cause of action for seventeen more months.

The only scenario by which Plaintiffs' Complaint could be construed timely would require that both the mediation and the demand for appraisal completely resurrected the three year statute of limitations.  Plaintiff has cited no authority to support such a proposition.  State Farm maintains that

> [w]hile Mississippi courts provide minimal guidance as to the relationship between appraisal demands and the statute of limitations, courts from other jurisdictions have determined that appraisal demands do not operate to restart the statute of limitations.  Those states who do permit tolling based on appraisal only do so after both parties agree to engage in the appraisal, and even then, the statute of limitations does not restart but merely suspends during the appraisal proceedings.

Def.'s Mem. in Supp. of Mot. for Summ. J. [12], at p. 8 (citing *Thornton v. Ga. Farm Bureau Mut. Ins. Co.*, 695 S.E. 2d 642 (Ga. 2010); *Wieting Funeral Home of Chilton, Inc. v. Meridian Mut. Ins. Co.*, 690 N.W.2d 442 (Wis. Ct. App. 2004)).

Here the parties did not agree to appraisal.  Even if they had, tolling alone would not overcome State Farm's statute of limitations defense.

2.  Plaintiffs' Equitable Estoppel Theory

Plaintiffs next argue that "State Farm should be estopped from refusing to participate in the appraisal process."  Pls.' Resp. [15], at p. 2.

> In order to successfully invoke the doctrine of equitable estoppel to toll the statute of limitations, the party seeking protection of the doctrine must be able to prove by a preponderance of the evidence that:  (1) it was induced by the conduct of the other party not to file its complaint sooner, (2) resulting in its claim being barred by the statute of limitations, and (3) the other party knew or had reason to know such consequences would follow.

*Peavey Electronics Corp. v. Baan U.S.A., Inc.*, 10 So. 3d 945, 953 (Miss. Ct. App. 2009) (citing *Harrison Enters. v. Trilogy Commc'ns, Inc.*, 818 So. 2d 1088, 1095 (Miss. 2002)).

"[I]nequitable or fraudulent conduct *must* be established to estop a party from asserting a statute of limitations defense." *Miss. Dep't of Public Safety v. Stringer*, 748 So. 2d 662, 665 (Miss. 1999) (emphasis in original) (citation omitted); *see also Kimball Glassco Residential Center, Inc. v. Shanks*, 64 So. 3d 941, 948 (Miss. 2011) ("For the doctrine of equitable estoppel to apply, the plaintiff must have relied on a misrepresentation by the defendant and not on a misrepresentation by some other individual or entity.").

As this Court explained in its prior Order [10], Plaintiffs have identified no inequitable or fraudulent conduct on the part of State Farm. *Stringer*, 748 So. 2d at 665. Nor have they alleged that State Farm misled them in some way. *See Kimball Glassco Residential Center, Inc.*, 64 So. 3d at 948. Plaintiffs have not shown that equitable estoppel bars State Farm from relying on its statute of limitations defense.

      3.      <u>Plaintiffs' Argument that Appraisal Demand Was Timely</u>

Finally, Plaintiffs argue that State Farm "should be required by this Court to comply with the terms of the policy and resolve the dispute equitably and fairly by submitting to and participating in the appraisal process in good faith." Pls.' Resp. [15], at pp. 2–3. They insist that "their request of appraisal in July, 2010, was within a 'reasonable time' under the circumstances because the previous mediation was unsuccessful." *Id.* at p. 2. The Complaint asserts claims with respect to State Farm's denial of Plaintiffs' homeowners' claim, Compl. [4], at ¶¶ 7–11, 15, and State Farm's refusal to participate in the appraisal process under the homeowners policy,

*id.* at ¶¶ 13, 17.  State Farm maintains that the Court should disregard the merits of the appraisal demand because it is procedurally untimely, as it was not made within a reasonable time.  Def.'s Mem. in Supp. of Mot. for Summ. J. [12], at pp. 9–11.

The appraisal provision cited by Plaintiffs reads as follows:

> 4.  **Appraisal**.  If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal.  If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser.  Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand.  The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire.  The appraisers shall then set the amount of loss.  If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss.  If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire.  Written agreement signed by any two of these three shall set the amount of the loss.  Each appraiser shall be paid by the party selecting that appraiser.  Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

Policy [4], at p. 24, attached as Ex. "B" to Compl.

There is no explicit time limit contained in the policy for demanding appraisal. Other jurisdictions have held that, as with a typical contract performance obligation, a party to an insurance contract must demand appraisal within a reasonable time under the circumstances.  *See, e.g., Terra Industries, Inc. v. Commonwealth Ins. Co. of America*, 981 F. Supp. 581, 600–601 (N.D. Iowa 1997); *Hodges v. Pa. Millers Mut. Ins. Co.*, 673 A.2d 973, 974–975 (Pa. Super. 1996); *Keesling v. Western Fire Ins. Co. of Fort Scott Kan.*, 520 P.2d 622, 626 (Wash. Ct.

App. 1974). Mississippi courts appear to adhere to the general rule that when a contract is silent as to when contractual performance should occur, the parties must perform within a reasonable time under the circumstances. *See, e.g., Lumbermens Mut. Cas. Co. v. Thomas*, 555 So. 2d 67, 70 (Miss. 1989). "[T]he Mississippi Supreme Court has held that good faith negotiations or correspondence between an insurance company and a claimant alone do not toll or waive a statute of limitations." *Robertson v. Moody*, 918 So. 2d 787, 791 (Miss. Ct. App. 2005) (citing *Miss. Dep't of Public Safety v. Stringer*, 748 So.2d 662, 667 (Miss. 1999)).

As noted earlier, Plaintiffs have not cited any authority for the proposition that the mediation tolled or completely restarted the statute of limitations. At most, Plaintiffs' theory, which the Court has already rejected, would toll the limitations period. *Peavey Electronics Corp.*, 10 So. 3d at 953; *see also* Def.'s Mem. in Supp. of Mot. for Summ. J. [12], at pp. 6–9. The parties have directed the Court to no authority under Mississippi law which would restart a statute of limitations under the facts alleged here.

Even assuming that the mediation did somehow toll the applicable statute of limitations until January 26, 2009, the appraisal demand occurred after the expiration of the statute of limitations, and the Court finds that it was not made within a reasonable time. The demand was not submitted until over four years and ten months after the damage occurred, over four years and seven months after State Farm forwarded the denial letter and the last payment on the claim, and over two years and ten months after the parties reached an impasse at mediation.

As this Court observed in its prior Order [10], another judge in this district was presented with the question of whether an appraisal demand by plaintiff's counsel made over three years and three months after the last payment was made by the insurer for the loss, and nearly five years after the date of loss, somehow resurrected the plaintiff's ability to file suit. *See Greater Trueway Apostolic Church v. Church Mutual Ins. Co.*, No. 2:11cv237KS-MTP, 2012 WL 1143947 (S.D. Miss. April 4, 2012). The Court concluded that the statute of limitations there "began to run, at the latest, on the date of last payment by [the insurer] on December 20, 2006," *id.* at *8, such that the plaintiff's appraisal demand made on April 1, 2010, after the statute of limitations had run, could not "circumvent the running of the statute of limitations on the otherwise time-barred claims," *id.* The Court finds this reasoning persuasive.

State Farm has demonstrated that the relevant statute of limitations expired prior to the filing of Plaintiffs' Complaint and has thus established the requisite elements of this affirmative defense. State Farm has also shown that Plaintiffs' appraisal demand was not made within a reasonable time. The burden shifts to Plaintiffs to provide specific facts showing the existence of a genuine issue for trial. *See, e.g., Citigroup Inc.*, 649 F.3d at 371. Plaintiffs have not sufficiently rebutted State Farm's properly supported Motion for Summary Judgment. Viewing all facts and inferences in the light most favorable to Plaintiffs as the nonmoving parties, State Farm is entitled to judgment as a matter of law on Plaintiffs' claims.

III.  CONCLUSION

For the reasons stated herein, the Court concludes that summary judgment in State Farm's favor is appropriate.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that the Second Motion for Summary Judgment [11] filed by Defendant State Farm Fire and Casualty Company, is **GRANTED**, and Plaintiffs' claims against Defendant State Farm Fire and Casualty Company are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED,** this the 20th day of June, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE